Melvin C. Tucker, Director Arkansas State Plant Board P. O. Box 1069 Little Rock, AR 72203
This is in response to your request for an opinion regarding the emergency reinstatement of a regulation which deals with the Southern Pine Beetle under authority of 5, 6, and 7 of Act 414 of 1917, as amended, the Arkansas Plant Act, which is complied at Ark. Stat. Ann. 77-105 through 77-107.
You note that the proposed regulation would require a landowner, after proper notification, to control the Southern Pine Beetle on his property by cutting all infested trees plus all pine trees within 100 to 150 feet of the infested trees. The Plant Board is empowered by statute to exercise the required control measures and take a lien on the property to recover the costs incurred if the landowner cannot be found or fails, neglects or refuses to thwart the emergency.
Your specific questions are:
 Under the authority of 77-107 could the Plant Board exercise its authority by arranging for a private contractor to cut the trees, sell them, and keep the proceeds as sole compensation for his services?
If the answer to the first question is no, could the contractor sell the trees, pay the landowner fair market value for them and keep the remainder of the proceeds as sole compensation for his services?
Section 77-105 states in pertinent part:
The Board shall . . . approve methods of treatment and eradication.
Section 77-106 states in pertinent part:
 The Board shall, from time to time, make rules and regulations for carrying out the provisions and requirements of this act (77-101 — 77-106), including rules and regulations, under which its inspectors and other employees shall . . . eradicate and prevent the dissemination of insect pests, diseases, and . . . supervise or cause the treatment, cutting and destruction of plants and plant products infected or infested therewith.
Section 77-107 states:
 Whenever such inspection discloses that any places, or plants, or plant products, or things and substances used or connected therewith, are infested or infected with any insect pest, disease, or noxious weed, listed, as required by 8028 (77-105) in rules and regulations made pursuant to this act (77-101 — 77-116), written notice thereof shall be given the owner or other person in possession or control of the place where found, and such owner or other person shall proceed to control, eradicate or prevent the dissemination of such insect pest, disease, or noxious weed, and to remove, cut or destroy infested or infected plants and plant products or things and substances used or connected therewith, within the time and in the manner prescribed by said notice or the rules and regulations made pursuant to this act. Whenever such owner or other person cannot be found, or shall fail, neglect or refuse to obey the requirement of said notice and the rules and regulations made pursuant to this act, such requirements shall be carried out by the inspector or other employees of the Board and the board shall have and enforce a lien for the expenses thereof against the place in which or upon which such expenses were incurred in the same manner as liens are had and enforced upon buildings, and lots, wharves, and piers for labor and materials furnished by virtue of contract with the owner.
There are several legal obstacles to your proposals. The specific language of the statute states that removal of infected plants is to be done by the chief inspector or other employees of the Plant Board. The statute in question does not specifically authorize the Plant Board to contract with third parties to perform duties assigned to the Plant Board. It would appear that the Plant Board could, within budgetary constraints, hire third parties to assist in its regulatory actions. But this statute does not authorize the Plant Board to sell the timber cut.
Furthermore, the statute provides for the removal, cutting, or destroying of infested or infected plants and plant products. There is no reference in the statute which would authorize destruction of plants which are not infected.
The removal and sale of timber on behalf of the Plant Board may be a taking of private property forbidden by Article 2, 22 of the Arkansas Constitution.
As regards your second proposal, if the fair market value of the timber is less than the damage caused to the land, the landowner will not have been fully compensated for the taking of his property as required by Article 2, 22 of the Arkansas Constitution.
It is the opinion of this Office that neither of your suggested proposals can be carried out under the authority of the Arkansas Plant Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Arnold M. Jochums.